IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON,

    Plaintiff,                    No. CIV S-08-1494 DAD P

    vs.

CARROL, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        Plaintiff has identified as defendants Officer Carrol, Officer Johnson, Sergeant Fowler, Sergeant Fernandez, Officer San Nicolas, Lieutenant Kesterson, Captain Fry, Counselor Jackaru, Officer Ramirez, Officer Medina, Officer Abella, Appeals Coordinator Cervantes, and Warden Sisto. At all relevant times, each of the named defendants were employed at CSP-Solano.

Plaintiff alleges that he is a Muslim who has not eaten meat since 1992. He further alleges that defendant Carrol confiscated his dietary card even though aware that plaintiff did not eat meat and that confiscating plaintiff's card would prevent him from receiving a supplement dinner. Plaintiff alleges that he stopped going to the dining room for dinner because ninety percent of all meals contain meat. (Compl. at 4 & 5.)

Plaintiff also alleges that defendants have threatened, harassed, and retaliated against him because he complained about defendant Johnson's sexual misconduct and strip search of him. For example, plaintiff alleges that defendants have placed him in administrative segregation and "screened out" and delayed his inmate appeals. He further alleges that defendants have issued false rules violation reports against him, confiscated and destroyed his personal property, and interrupted his personal family visits. Finally, plaintiff alleges that defendant Sisto was aware of the events described in the complaint and had an obligation to protect plaintiff's right to be free from retaliation, sexual harassment, and discrimination. (Id. at 11-12.)

Plaintiff claims that the defendants have violated his rights under the First Amendment, Fourteenth Amendment, Eighth Amendment, and various state regulations. By way of relief, plaintiff requests monetary damages. (Id. at 13-17 & 18-19.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

/////

8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff files an amended complaint, he is advised of the following legal standards that govern his claims. First, to the extent that plaintiff believes defendant Carrol has interfered with his right to free exercise of religion, plaintiff is advised that a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). In particular, a prisoner's constitutional right to free exercise of religion must be balanced against the state's right to limit First Amendment freedoms in order to attain valid penological objectives such as rehabilitation of prisoners, deterrence of crime, and preservation of institutional security. See O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822-23 (1974). These competing interests are balanced by applying a "reasonableness test." McElyea, 833 F.2d at 197. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. (quoting Turner v. Safley, 482 U.S. 78 (1987)).

Several factors are relevant to a reasonableness determination: (1) whether the regulation has a valid, rational connection to legitimate governmental interests invoked to justify it; (2) whether there are alternative means of exercising the asserted constitutional right; (3) what impact accommodation of the asserted right will have on correctional staff and other inmates, and on the allocation of prison resources in general; and (4) whether there are ready alternatives to the regulation or policy in question, the absence of which is evidence of the reasonableness of the prison regulation. Turner, 482 U.S. at 89-91.

Second, to the extent that plaintiff believes defendants have retaliated against him, he is advised that both initiating litigation in this court and filing administrative grievances are protected activities, and it is impermissible for prison officials to retaliate against prisoners for
/////

engaging in these activities.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68.  However, plaintiff is cautioned that a retaliation claim cannot simply rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."  See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).

Third, to the extent that plaintiff believes defendants have failed to protect him, he is advised that the Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety.  Id. at 834.

Fourth, to the extent that plaintiff believes defendants have violated his due process rights by illegally confiscating and destroying his property, he is advised that the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In his complaint, plaintiff has not alleged any facts suggesting that the taking of his property was authorized. The California Legislature has provided a remedy for tort claims against public officials in California Government Code, §§ 900, et seq. If plaintiff has not attempted to seek redress in the state system, he will not be able to sue in federal court on the claim that the state deprived him of property without due process of the law.

Fifth, to the extent that plaintiff believes defendants have violated state regulations governing inmate appeals, segregated housing, and sexual misconduct, he is advised that § 1983 provides a cause of action only for violations of the United States Constitution and federal laws. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Sixth, plaintiff is advised that many of his allegations regarding defendants' verbal threats do not state a cognizable claim. The Ninth Circuit has held that verbal harassment or abuse alone does not violate the Constitution and thus does not give rise to a claim for relief under § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional deprivation under § 1983). Even verbal conduct that constitutes a threat does not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987).

Likewise, many of plaintiff's allegations regarding defendants' involvement in the inmate appeals process do not state a cognizable claim. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). This includes regulations concerning who may review inmate grievances.

Finally, plaintiff's allegations against defendant Sisto fail to state a cognizable claim. As noted above, defendant Sisto may not be held liable under § 1983 under a respondeat superior theory. If plaintiff files an amended complaint, he must specifically allege a causal link

between defendant Sisto and the claimed constitutional violations. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.[1]

Also pending before the court is plaintiff's motion for a temporary restraining order and preliminary injunction. Therein, plaintiff seeks relief against the thirteen defendants named in his complaint and contends that his "illegal restraint" in CSP-Solano's administrative segregation unit constitutes a continuous deprivation of his constitutional rights. Plaintiff is advised that, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Court records indicate that plaintiff is no longer incarcerated at CSP-Solano. Accordingly, plaintiff's motion will be denied as moot.[2]

---

[1] Plaintiff's complaint refers to exhibits, including various inmate appeals. However, plaintiff did not attach exhibits to his complaint. Rather, he wrote a letter to the court stating that he retained his exhibits and will forward them to the court upon the court's request. Plaintiff is advised that the court will not make a separate request for his exhibits. If plaintiff believes the court should consider his exhibits to help clarify and support the allegations of his complaint with respect to his constitutional claims, he must attach those exhibits to his amended complaint.

[2] Plaintiff is advised that he is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint. See <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's July 22, 2008 motion for a preliminary injunction (Doc. No. 7) is denied as moot.

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: February 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john 1494.14a

---

court."). This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Plaintiff is cautioned that if he moves for preliminary injunctive relief before any defendants are served with process in this case, such a motion will be denied as premature.