IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY L. JOHNSON,

Plaintiff, No. 2:08-cv-1494 KJN P

vs.

CARROLL, et al.,

Defendants. ORDER

_________________________________/

Plaintiff has requested the appointment of counsel pursuant to 18 U.S.C. § 3006A. The cited statute sets forth the procedure for appointing counsel to defendants in federal criminal proceedings, and is therefore inapplicable to this action, which proceeds on plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. The court therefore construes plaintiff's motion as one made pursuant to 28 U.S.C. § 1915(e)(1).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) Exceptional circumstances supporting appointment of counsel include an

evaluation of plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved, and the likelihood of success on the merits of plaintiff's claims. Agyeman v. Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations omitted).

The court finds that the instant case potentially presents such exceptional circumstances. Plaintiff is presently incarcerated in the California Medical Facility ("CMF"), in Vacaville, California. The allegations of the complaint (discussed at length in the order filed November 10, 2010 (Dkt. No. 17)) are premised on conduct that allegedly occurred at California State Prison-Solano ("CSP-S"), commencing in January 2007, when plaintiff was transferred to that facility. Plaintiff's allegations include challenges to the denial of a religious dietary card from January to April 2007, and a challenge to a strip search in February 2007. The latter allegedly disintegrated into a correctional officer attempting to provoke plaintiff into a fight in front of several other officers. The officer allegedly made threats, which were allegedly executed, including the taking of plaintiff's property. Plaintiff was allegedly unsuccessful in his documented efforts to exhaust his administrative challenge to the February 2007 incident, the last attempt apparently dated April 17, 2007. (Dkt. No. 14 at 27.) On April 26, 2007, plaintiff was removed from the general population at CSP-S, and placed in administrative segregation, pending transfer to another institution. The stated rationale was a report from another CSP-S correctional officer that plaintiff had assaulted that officer ten years ago, in 1997. (Id. at 29, 30.) Plaintiff was housed in administrative segregation for 17 months, where he alleges that he was subject, inter alia, to false rules violation reports and emotional trauma. Plaintiff's numerous legal claims are premised on the First, Eighth, and Fourteenth Amendments to the United States Constitution.

Plaintiff requests the appointment of counsel based on the following factors: (1) there are eight defendants (all represented by a private law firm), some of whom may also be witnesses, and two of whom may now be living outside of California; (2) plaintiff's allegations of sexual harassment and retaliatory conduct present "complex" and "emotional" issues that

would be better presented by appointed counsel (Dkt. No. 25 at 4); (3) because plaintiff's allegations indicate that defendants had a "meeting of the minds" to act in concert, they remain stronger in unison if plaintiff continues to represent himself; (4) this case will require "extensive documentary discovery," including investigation of defendants' records, plaintiff's transfer records, and the identity and depositions of inmate and correctional officer witnesses, who may be too intimidated to respond to inquiries by plaintiff alone; and (5) because resolution of several issues will turn on the jury's credibility assessments, appointed counsel would be more effective in presenting plaintiff's case.

These several factors indicate that the alleged constitutional issues presented in this case would be better advanced by appointed counsel than by plaintiff alone. There is, as well, a possibility that plaintiff may succeed on the merits of some claims. Therefore, the court finds that appointment of counsel is warranted pursuant to 28 U.S.C. § 1915(e)(1), which shall be made pursuant to this court's General Order No. 230 (setting forth the criteria and procedure for appointment of counsel in Section 1983 cases).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Dkt. No. 25) is granted; and

2. The Clerk of Court is directed to locate forthwith an attorney admitted to practice in this court who is willing to accept the appointment.

DATED: April 15, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1494.appt.cnsl